[No. 14057. Department One. July 31, 1917.]

A. M. LUNN, *Respondent*, v. O. W. HELLGREN *et al.*, *Appellants.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence, and in accord therewith, will not be disturbed on appeal.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered November 13, 1916, upon findings in favor of the plaintiff, in an action on promissory notes, tried to the court. Affirmed.

*Roberts, Wilson & Skeel,* for appellant Peterson.

*Saunders & Nelson,* for respondent.

MAIN, J.—The purpose of this action was to recover upon two promissory notes, one for $750, and the other for $1,000. Each of the notes was signed by O. W. Hellgren and indorsed on the back by Andrew Peterson, the latter only being served with process. Peterson, in his answer, admitted the execution of the notes, and alleged affirmatively that the partnership which previously existed between himself and the

[1]Reported in 166 Pac. 1147.

plaintiff, Lunn, had at no time been settled and adjusted. A counterclaim was pleaded and a demand for an accounting. The trial resulted in a judgment upon the notes and a denial of any recovery upon the answer. From this judgment, Peterson appeals.

The facts may be briefly stated as follows: On May 10, 1911, Peterson and Lunn formed a partnership for the operation of what is referred to as the Crescent Hotel, in the city of Aberdeen. Lunn, after a few months, became dissatisfied and desired to return to Seattle. He thereupon disposed of his interest in the hotel to Hellgren and one Appleton, the former paying $250 cash and giving the notes here involved, which Peterson indorsed. The Appleton note or notes are not involved in this proceeding. Hellgren and Appleton conducted the hotel for a time, when it was sold to one Johnson.

Peterson's contention is that the sale by Lunn of his interest to Hellgren and Appleton was colorable only, and that Lunn remained a partner of Peterson's and joined in the transfer to Johnson. Lunn's contention is that the sale was absolute and *bona fide*, that the partnership affairs between himself and Peterson were at that time settled and adjusted, and that he did not join in the transfer to Johnson.

This presents solely a question of fact. If the partnership affairs of Peterson and Lunn were settled and adjusted at the time of the sale to Hellgren and Appleton, Peterson is not entitled to prevail upon his counterclaim and has no right now to an accounting. The evidence upon this question was conflicting. While the trial judge, in his oral announcement at the conclusion of the trial, expressed some doubt as to which side should prevail upon the conflicting evidence, he subsequently made a finding that the allegations contained in the answer, affirmative defense, and cross-complaint of Peterson had not been proven, and entered judgment in favor of the respondent for the amount of the notes and the accrued interest.

After giving attentive consideration to all the evidence in the case, we are of the opinion that the finding and judgment of the trial court is in accord therewith. Since no question of law is involved in this case, it would serve no useful purpose to review in detail the evidence of the respective parties.

The judgment will be affirmed.

ELLIS, C. J., MORRIS, and CHADWICK, JJ., concur.